JAMES NEWMAN v. JAMES JOHNSON.

**Principal and Surety—Contribution.**

A surety who has been compelled to pay off a judgment may have the execution endorsed to him by the owner and have execution and force contribution from other sureties.

APPEAL FROM FLEMING CIRCUIT COURT.

February 1, 1876.

OPINION BY JUDGE LINDSAY:

Sec. 8, Chap. 97, Revised Statutes, authorized a surety who had paid off a judgment to take an assignment thereof from the plaintiff, and this being done he had the right to control the judgment for his own benefit, so far as to obtain satisfaction from the principal or contribution from a co-surety. The principal debtor, Story, was insolvent, and therefore Johnson was bound to Newman for one-half the amount paid to Logan, the plaintiff in the judgment.

On the 18th day of December, 1863, Newman had paid off the judgment to Logan, and the latter then indorsed upon the execution then in the hands of the sheriff, "This fi. fa. is for the use and benefit of James Newman." The sheriff had no right thereafter, by returning the execution satisfied, to deprive Newman of the benefits of the assignment. Besides this, it is plain that the sheriff meant merely to return the fact that Logan had been satisfied, and not that the right of Newman had been extinguished.

We think there can be no question that Newman had the right to issue executions on the judgment to coerce contribution from Johnson. It is not shown that Newman made any enforceable contract, or any contract at all, to hold Johnson harmless in case he would join in the execution of the replevin bond. Johnson was then bound as the surety for Story, and signing the bond did not increase his liability.

It is neither averred nor proved that this debt was embraced in the settlement between Johnson and Newman in 1866. The reverse, however, is clearly established. The fact that at one time some portion of the judgment might have been made out of the principal debtor, Story, does not exonerate Johnson. It was as much his duty as that of Newman, to secure himself from loss, and he should have caused Story's property to be applied to the payment of a debt for which he was bound.

Judgment *reversed* and cause remanded with instructions to dissolve the order of injunction and to dismiss appellee's petition.

*L. W. Andrews, E. C. Phister, for appellant.*

*W. H. Card, for appellee.*